UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

MELVIN FEINBERG,

        Plaintiff,
vs.

JP MORGAN CHASE BANK, N.A.,

        Defendant.
_____/

**COMPLAINT**

**COMES NOW**, the Plaintiff, MELVIN FEINBERG, by and through undersigned counsel, and brings this action against the Defendant, JP MORGAN CHASE BANK, N.A. ("CHASE"), and as grounds thereof would allege as follows:

**INTRODUCTION**

1. This action is brought by a consumer for Defendant's violations of Florida Statutes §§ 559.55-559.785, known more commonly as the "Florida Consumer Collection Practices Act", ("FCCPA") and the Telephone Consumer Protection Act, 47 U.S.C §227, et seq. ("TCPA").

2. Plaintiff alleges that Defendant has unlawfully called Plaintiff's cellular telephone in an attempt to collect an alleged debt from Plaintiff in direct contravention the aforesaid statutes. Consequently, Plaintiff seeks injunctive relief as well as damages, fees, and costs in accordance with the FCCPA and the TCPA.

3. The FCCPA prevents persons from engaging in abusive, deceptive, and unfair collection practices.

*FD-2735*

4.     The TCPA prohibits any person "to make any call (other than for emergency purposes or made with the prior consent of the called party) using any automatic telephone dialing system or any artificial or prerecorded voice – (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 U.S.C. §227(b)(1)(A).

## JURISDICTION

5.     This court has jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227. Federal courts have jurisdiction over private suits arising under the TCPA. <u>Mims v. Arrow Financial Services, LLC</u>, 132 S. Ct. 740 (2012).

6.     Under 28 U.S.C. § 1367(a), this court has supplemental jurisdiction over Plaintiff's state law FCCPA claim in that it is so related to the federal TCPA claims that they form part of the same case or controversy under Article III of the United States Constitution.

7.     Venue in this District is proper because Plaintiff resides here and Defendant does business and places phone calls into this District.

## PARTIES

8.     Defendant, CHASE was and is a banking institution chartered and supervised by the Office of the Comptroller of the Currency ("OCC"), an agency in the U.S. Treasury Department, pursuant to the National Bank Act, duly licensed to transact business in the State of Florida, and lists its registered agent as CT Corporation System, 1200 S. Pine Island Road, Plantation, FL 33324.

9.     Plaintiff is informed and believes, and thereupon alleges, on or about May 1, 2011, Chase Home Finance, LLC, merged with and into JP Morgan Chase Bank, N.A. Thus, for

*FD-2735*

ease of reference, Chase Home Finance, LLC, and JP Morgan Chase Bank, N.A., will be referred to as CHASE.

10. At all times relevant to this Complaint, CHASE was and is a "person" as said term is defined under Florida Statute §1.01(3), and is subject to the provisions of Fla. Stat. § 559.72 because said section applies to "any person" who collects or attempts to collect a consumer debt as defined in Fla. Stat. § 559.55(1).

11. Defendant services the mortgage loan secured on Plaintiff's primary residence and principal dwelling, located at 1444 NW 97th Terrace, Pompano Beach, Florida, 33071, and refers to the subject loan as xxxx599264.

12. At all times relevant to this Complaint, CHASE has owned, operated, and or controlled "customer premises equipment" as defined by the TCPA that originated, routed, and/or terminated telecommunications. 47 U.S.C. § 153(14).

13. At all times relevant to this Complaint, CHASE engages in "telecommunications" as defined by the TCPA. 47 U.S.C. § 153(43).

14. At all times relevant to this Complaint, CHASE engages in "interstate communications" as defined by the TCPA. 47 U.S.C. § 153(22).

15. At all times relevant to this Complaint, CHASE has used, controlled, and/or operated "wire communications" as defined by the TCPA, that existed as instrumentalities of interstate and intrastate commerce. 47 U.S.C. § 153(52).

16. At all times relevant to this Complaint, CHASE has used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA. 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(1).

17. At all times relevant to this Complaint, the Plaintiff, was and is a natural person, and is a "consumer" as that term is defined by Florida Statutes §559.55(2), and/or a person with standing to bring a claim under the FCCPA and the TCPA by virtue of being directly affected by violations of the Act.

18. At all times relevant to this Complaint, the Plaintiff, was and is a natural person "person" as defined by 47 U.S.C. § 153(32).

19. At all times material hereto, the debt in question was a "debt" as said term is defined by Florida Statute §559.55(1).

## BACKGROUND AND GENERAL ALLEGATIONS

20. On or about August 24, 2012, Plaintiff retained Loan Lawyers, LLC, for representation with regard to a disputed debt arising from a mortgage for which the Defendant then provided servicing.

21. Among the functions of Defendant's servicing business is to collect payment on mortgage accounts.

22. The debt that Defendant sought to collect from Plaintiff is an alleged debt arising from transactions entered into primarily for personal, family or household purposes.

23. On or about April 2, 2012, Plaintiff sent Defendant a letter indicating that Plaintiff was represented by Loan Lawyers, LLC, regarding all aspects of the subject mortgage debt. Defendant was informed that all communications regarding the subject mortgage debt were to be directed to Plaintiff's counsel. The letter provided the mailing address and phone number for Loan Lawyers, LLC.

24. A true and correct copy of same is attached and incorporated herein as Exhibit "A".

*FD-2735*

25. According to records obtained from the United States Postal Service, Defendant received the above-referenced letter on April 6, 2012.

26. Defendant was aware of the existence and nature of the representation and scope of same.

27. Despite being made aware that Plaintiff had retained counsel, Defendant refused to contact Mr. Feinberg's counsel and instead proceeded to attempt to collect the debt by directly communicating with Plaintiff.

28. Upon information and belief, Defendant, CHASE by and through its through its agents, representatives and/or employees acting within the scope of their authority, attempted to collect a debt from Plaintiff by using an automatic telephone dialing system to place numerous telephone calls to Plaintiff's cellular telephone.

29. This is apparent due to the long delay that occurred before Defendant's representative would begin speaking once Plaintiff answered the call from Defendant.

30. At times, there would be a beep or short recorded message before Defendant's representative would begin speaking once Plaintiff answered the call from Defendant.

31. Plaintiff did not expressly consent to Defendant's placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placements of the calls.

32. Plaintiff was damaged by these illegal calls. His privacy was improperly invaded, minutes were used from his cell phone plans and he was forced to spend time tending to unwanted calls.

33. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

34. Upon information and belief, Defendant knew their collection techniques were in violation of the TCPA, yet still continued to use them therefore willfully or knowingly violated the TCPA.

35. Then, on or about March 17, 2014, Defendant mailed a monthly mortgage statement directly to Plaintiff.

36. The statement demanded payment, stated the "Total Payment Due" and was itself an attempt to collect a debt.

## COUNT I-VIOLATION OF FCCPA, FLORIDA STATUTES §559.72(18)

37. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 36.

38. Defendant, through its agents, representatives and/or employees acting within the scope of their authority, has violated the FCCPA in that Defendant contacted Plaintiff via the above-referenced calls and via the above-referenced monthly statement in connection with the collection of a debt after Defendant knew that Plaintiff was represented by counsel, and had knowledge of counsel's name and address, in contravention of Florida Statutes §559.72(18).

39. Defendant, through its agents, representatives and/or employees acting within the scope of their authority acted knowingly and willfully violated Florida Statutes §559.72(18).

40. As a direct and proximate result of the violation of the FCCPA by Defendant, Plaintiff has been damaged. The damages of Plaintiff include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation and embarrassment.

41. Plaintiff has hired Loan Lawyers, LLC, to represent Plaintiff in this action and has agreed to pay a reasonable attorney's fee.

42. As a result of the above violations of the FCCPA, pursuant to Florida Statute §559.77(2), Plaintiff is entitled to recovery for actual damages, statutory damages of up to $1000

*FD-2735*

per violation, together with reasonable attorney's fees and court costs.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendant, JP MORGAN CHASE BANK, N.A., for actual damages, statutory damages, along with costs and reasonable attorney's fees pursuant to Florida Statutes §559.77(2), and for such other and further relief as justice may require. Plaintiff further respectfully requests that this Honorable Court enter an order enjoining the Defendant from contacting the Plaintiff including by and through a third party, with regards to the disputed debt while the Plaintiff is represented by counsel with regards to such debt.

## COUNT II- VIOLATION OF THE TCPA, 47 U.S.C § 227 (b)(1)(A)(iii)

43.     Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 36.

44.     Defendant placed many non-emergency calls to Plaintiff's cellular telephone using an automatic telephone dialing system in violation of 47 U.S.C §227 (b)(1)(A)(iii).

45. The term "automatic telephone dialing system" according to 47 U.S.C. § 227(a)(1):

> "… means equipment which has the capacity –
> (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and
> (B) to dial such numbers."

46.     It is a violation of the TCPA, 47 U.S.C. §227(b) to call a person's cellular telephone using an automatic telephone dialing system without their express consent.

47.     Plaintiff did not expressly consent to CHASE to contact him via cellular phone, and even if Plaintiff had, the April 2, 2012 letter attached as Exhibit "A" was an express revocation of any such consent.

48.     Even oral instructions to cease calls effectively revoke any prior consent the caller may have had. *See* Osorio v. State Farm Bank, F.S.B., --- F.3d ----, 2014 WL 1258023 (11th Cir. 2014).

*FD-2735*

49.     Plaintiff is "not required to prove that he was charged individually for each of the autodialed calls." *See* Osorio, 2014 WL 1258023 (11th Cir. 2014).

50.     The aforesaid calls to Plaintiff's cellular telephone were placed using an automated telephone dialing system.

51.     According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issued regulations implementing the TCPA, such calls as those alleged herein are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

52.     With respect to whether a device is considered an "automatic telephone dialing system" for purposes of the TCPA, at least one Federal Appellate Court has specifically noted that "a system need not actually store, produce, or call randomly or sequentially generated numbers, it need only have the *capacity* to do it." Satterfield v. Simon & Schuster, Inc., 569 F.3d 946 (9th Cir. 2009) (emphasis added).

53.     Furthermore, the FCC has specifically ruled that a predictive dialer falls within the meaning and statutory definition of "automatic telephone dialing equipment" within the TCPA. *2003 TCPA Order*, 18 FCC Rcd 14092-3 at ¶ 133.

54.     Both the FCC and federal courts have held that as a matter of law a predictive dialer is a type of automatic telephone dialing system. *See generally*, Griffith v. Consumer Portfolio Serv., Inc., No. 10-c-2697 (N.D. Il. 2011).

55. Defendant's method of contacting Plaintiff is indicative of its ability to dial numbers without any human intervention in the calling process, which the FCC has opined is the hallmark of an automatic telephone dialing system (i.e. auto-dialer). See *In the Matter of Rules & Regulations Implementing The Telephone Consumer Protection Act of 2008*, CG Docket No. 02-278, FCC 07-232 (1/4/08) ¶¶ 11-13; *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 2003 WL 21517583, 18 F.C.C.R. 14014, ¶ 132 (Fed. Commc'n Cmm'n July 3, 2003).

56. In sum, Defendant made telephone calls to Plaintiff's cellular telephone, which were either initiated by an automatic telephone dialing system and/or contained a pre-recorded message and were made without the prior express consent of Plaintiff.

57. Under the TCPA, and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that Plaintiff provided express consent within the meaning of the statute. *See FCC Declaratory Ruling*, 23 F.C.C.R. at 565 (¶ 10).

58. Defendant, through its agents, representatives and/or employees acting within the scope of their authority acted willfully and intentionally violated the TCPA, 47 U.S.C § 227 (b)(1)(A)(iii).

59. As a direct and proximate result of the violation of the TCPA by Defendant, Plaintiff has been damaged. The damages of Plaintiff include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation and embarrassment.

60. As a result of Defendant's violations of 47 U.S.C. § 227 et seq, Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every willful or knowing violation, pursuant to 47 U.S.C. § 227(b)(3)(C), and $500.00 in statutory damages, for each and every negligent violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

*FD-2735*

61. Plaintiff is entitled to injunctive relief prohibiting Defendant from contacting the Plaintiff on his cellular phone using an automated dialing system pursuant to the 47 U.S.C. Section 227(b)(3)(a).

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendant JP MORGAN CHASE BANK, N.A. for statutory damages of $1,500.00 for each and every violation, an order be entered enjoining Defendant from calling Plaintiff's cellular telephone by use of an automatic dialing system, and for such other and further relief as justice may require.

### DEMAND FOR JURY TRIAL

Plaintiff, MELVIN FEINBERG, hereby demands a trial by jury of all issues so triable.

Respectfully Submitted,

/s/ *Yechezkel Rodal*
YECHEZKEL RODAL, ESQ.
Florida Bar Number: 91210
LOAN LAWYERS, LLC
*Attorneys for Plaintiff*
377 North State Road 7, Suite #202
Plantation, FL 33317
Telephone:    (954) 523-4357
Facsimile:    (954) 581-2786
e-mail:    chezky@floridaloanlawyers.com

*FD-2735*